David D. Lin (*Pro Hac Vice Application Forthcoming*)
Roberto Ledesma (*Pro Hac Vice Application Forthcoming*)
LEWIS & LIN, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com
        Roberto@iLawco.com

*Attorneys for Waseem Akram*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WASEEM AKRAM, | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| FIXMD LLC, | |
| Defendant. | |

## NATURE OF THE ACTION

1. This action seeks declaratory relief pursuant to 15 U.S.C. § 1114(2)(D)(v) to establish that Plaintiff Waseem Akram's registration and use of the domain name "FixMD.com" (hereinafter the "Disputed Domain") is not unlawful, and that Defendant FixMD LLC has engaged in Reverse Domain Name Hijacking, under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

## THE PARTIES

2. Plaintiff Waseem Akram is a natural person residing at 228 Bagatelle Road, Melville, New York 11747.

3. Upon information and belief, Defendant FixMD LLC (hereinafter "FMD") is a Nevada limited liability company with an address at 8530 West Sunset Road #130 Las Vegas, Nevada 89113.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1114(2)(D)(v), and 28 U.S.C. § 2201 that Plaintiff's registration and use of the Disputed Domain is not unlawful under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) and Defendant has engaged in Reverse Domain Name Hijacking.

5. This Court has personal jurisdiction over Defendant FMD as a result of Defendant's initiation of an administrative proceeding against the Disputed Domain pursuant with the Uniform Domain-Name Resolution Policy ("UDRP").

6. Venue is proper in this District under 28 U.S.C. § 1391 (b)(2). A substantial part of the property that is subject of this action is situated in this District. Moreover, venue is proper in this district due to Defendant FMD's voluntary submission to this Court's jurisdiction when Defendant filed a complaint with the National Arbitration Forum (NAF) dispute resolution service concerning Plaintiff's registration of the Disputed Domain.

7. The Disputed Domain has its situs in this District within the meaning of 15 U.S.C. § 1125(d)(2)(C). The registrar for the Disputed Domain is GODADDY, which is not only headquartered in this District, but upon information and belief also has additional business locations in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. Plaintiff Waseem Akram has over 24 years of experience in the medical and healthcare industries. In 1995, Plaintiff Akram founded SequelMed®, a medical software company that develops healthcare information technology solutions to support medical practices and health organizations.

9. Plaintiff Akram's business in practice management software for medical services steered his interest in acquiring the <FixMD.com> domain name. The term "Fix" is suggestive of the medical "solutions" offered by Plaintiff's software and services, and the "MD" abbreviation is a reference to his target audience, medical doctors or professionals and the medical industry.

10. Plaintiff Akram registered the Disputed Domain due to the descriptive qualities of the wording "Fix" and "MD".

11. At the time Plaintiff registered the Disputed Domain on March 22, 2016, Defendant had not used a FIXMD trademark.

12. Plaintiff registered the Disputed Domain in order to use it with SequelMed's medical IT solution services and software.

13. Defendant, on the other hand, uses a FIXMD trademark in connection with skin creams and skin products. Plaintiff has never offered cosmetic or skin products and does not compete with Defendant.

14. At the time Plaintiff Akram registered the Disputed Domain he had no knowledge of Defendant or its intent to use a FIXMD trademark.

15. On January 18, 2019, Defendant FMD submitted a complaint with NAF, initiated an administrative proceeding against Plaintiff's registration of the Disputed Domain, and sought an order to transfer the ownership rights of the Disputed Domain to Defendant FMD.  Plaintiff Akram was not represented by counsel.

16. The UDRP proceeding, *FixMD LLC v. Waseem Akram*, Claim Number: FA1901001826018 was decided by NAF on February 17, 2019.  An NAF arbitrator issued a decision directing transfer of the Disputed Domain to Defendant FMD.

17. Defendant's underlying UDRP complaint falsely stated that Plaintiff Akram offered the Disputed Domain for sale.  In support of its false assertion, Defendant relied on archived screenshots at the Disputed Domain that are dated January 10, 2016 and March 5, 2016 – both dates which ***pre-date*** Plaintiff's acquisition of the Disputed Domain.

18. The UDRP complaint also falsely alleged Plaintiff's ownership and sale of domain names he never owned.

19. The NAF arbitrator relied on Defendant's false and inaccurate evidence in ordering transfer of the Disputed Domain in the underlying UDRP decision.

20. Plaintiff was travelling and inadvertently missed the deadline to file a formal response to the UDRP complaint.  As a result, Plaintiff defaulted in the underlying UDRP and initiated the instant action to prevent transfer of the Disputed Domain.

21. Plaintiff Akram registered the Disputed Domain in good faith for a legitimate purpose.

22. At no point did Plaintiff Akram offer the Disputed Domain for sale.

23. At no point has Plaintiff Akram offered any domain name for sale.

24. Plaintiff Akram owns a number of domain names with relevance to the healthcare industry – for example: epicsoft360.com (medical billing and software development); SequelMed.com (electronic health records ("EHR") management); iEHR.com (same, currently inactive); and TrueGigs.com (medical staffing).

25. In accordance with the Internet Corporation for Assigned Names and Numbers (ICANN) Policy, Plaintiff provided notice to Defendant FMD that a lawsuit would be commenced against it concerning registration of the Disputed Domain name within a ten-day period.

26. Plaintiff Akram's creation and registration of the Disputed Domain was part of his good faith actions on behalf of his businesses related to medical IT solutions for the healthcare industry.

## COUNT ONE
### Declaration Under Anticybersquatting Consumer Protection Act

27. Plaintiff realleges and incorporates paragraphs 1-26 above.

28. In registering the Disputed Domain, Plaintiff did not have a bad faith intent, as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from any mark alleged to be owned by Defendant FMD.

29. In registering the Disputed Domain, Plaintiff did not have the intent, as provided in 15 U.S.C. § 1125(d)(1)(B), to divert consumers from Defendant's online location to a site accessible under the Disputed Domain that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

30. In registering the Disputed Domain, and at no time since registration, has Plaintiff offered to transfer, sell, or otherwise assign "FixMD.com" to Defendant or any third party for financial gain without having used, or having an intent to use, the Disputed Domain in the bona fide offering of any goods or services, nor is there prior conduct by Plaintiff indicating a pattern of such conduct.

31. Plaintiff has not registered or acquired multiple domain names that it knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties.

32. Plaintiff has not registered, trafficked in, or used a domain name that at the time the Disputed Domain was registered was identical or confusingly similar to any mark alleged to be owned by Defendant FMD.

33. Plaintiff believed and had reasonable grounds to believe that its registration of the Disputed Domain was lawful.

34. In fact, the Disputed Domain was registered for the descriptive qualities it evokes that have direct relevance to the professional field in which Plaintiff has operated for the past 24 years.  Moreover, Plaintiff is the owner of other similarly descriptive domain names with relevance to the healthcare industry.

35. As required by 15 U.S.C. § 1114(2)(D), Plaintiff has given notice to Defendant of its intent to file an action to establish that Plaintiff's registration and use of the Disputed Domain is not unlawful under the ACPA.

**COUNT TWO**
**Declaratory Judgment**

36. Plaintiff realleges and incorporates paragraphs 1-35 above.

37. A dispute exists between Plaintiff and Defendant concerning Plaintiff's right to register and use the Disputed Domain. As a consequence of the dispute, an actual and justiciable controversy exists between Plaintiff and Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment:

(a) Declaring that Plaintiff's registration and use of the domain name "FixMD.com" is not unlawful under the ACPA, 15 U.S.C. § 1124(d);

(b) Declaring that Plaintiff's registration and use of the domain name "FixMD.com" does not constitute a bad faith intent to profit from any mark alleged to be owned by Defendant under the ACPA, 15 U.S.C. § 1124(d);

(c) Declaring that Plaintiff is not required to transfer the registration for the domain name "FixMD.com" to Defendant;

(d) Declaring that the Registrar GODADDY. COM LLC shall not transfer the registration for the domain name "FixMD.com" to Defendant;

(e) Declaring that Defendant has engaged in Reverse Domain Name Hijacking;

(f) Awarding damages according to proof at trial but in an amount not less than $100,000;

(g) Awarding attorney's fees pursuant to 15 U.S.C. § 1117, and costs and interest to Plaintiff; and

(h) For such other and further relief as the Court shall deem appropriate.

Dated: March, 2019

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS & LIN, LLC

By: /s/ David D. Lin
David D. Lin (*pro hac vice forthcoming*)
Roberto Ledesma (*pro hac vice forthcoming*)

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326
david@iLawco.com
roberto@iLawco.com

*Attorneys for Plaintiff*